**E-FILING**

FILED

'08 JAN 15 P 2:19

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
NP
5

1 MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
2 MARTINA M. NAGLE (SBN 160983)
tnagle@paulplevin.com
3 PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
401 B Street, Tenth Floor
4 San Diego, California 92101-4232
Telephone: 619-237-5200
5 Facsimile: 619-615-0700

6

Attorneys for Defendant
7 LEVEL 3 COMMUNICATIONS, LLC

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11 SELENA SANTA CRUZ,                 CASE NO. C08 00265 RS

12              Plaintiff,            NOTICE OF REMOVAL OF ACTION
                                      UNDER 28 U.S.C. § 1441 (28. U.S.C. § 1332 -
13       v.                           DIVERSITY)

14 LEVEL 3 COMMUNICATIONS, LLC, a
Delaware Limited Liability Company; and
15 DOES 1-50,

16              Defendants.

17

18     TO THE CLERK OF THE ABOVE ENTITLED COURT:

19        PLEASE TAKE NOTICE that defendant Level 3 Communications, LLC ("Defendant")

20 hereby removes this action from the Superior Court of California for the County of Santa Clara, to

21 the United States District Court for the Northern District of California.  Removal of this action is

22 based on the following facts:

23     1.  On November 28, 2007, an action was filed in the Superior Court of the State of

24 California in and for the County of Santa Clara, entitled *Selena Santa Cruz v. Level 3*

25 *Communications, LLC, a Delaware Limited Liability Company; and Does 1-50,* as case number

26 107CV099737.

27     2.  On December 28, 2007, defendant Level 3 Communications, LLC was first served

28 with plaintiff Selena Santa Cruz's complaint.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441 (28. U.S.C. § 1332 -
DIVERSITY)

1                          00cv0000

1  3.  The only pleadings and process served on Level 3 Communications, LLC in this case

2 are the complaint for damages (attached hereto as Exhibit A), summons (attached hereto as

3 Exhibit B), and, collectively, civil lawsuit notice and alternative dispute resolution information

4 sheet (attached hereto as Exhibit C).

5  4.  On January 11, 2008, defendant Level 3 Communications, LLC filed and served an

6 answer in the Santa Clara Superior Court (attached hereto as Exhibit D).

7        **DIVERSITY JURISDICTION**

8  5.  Defendant Level 3 Communications, LLC is informed and believes that plaintiff is,

9 and at the time of the filing of this action was, a citizen of the State of California.

10  6.  Defendant Level 3 Communications, LLC is, and at the time of the filing of this action

11 was, a Delaware corporation, with its principal place of business in Colorado.

12  7.  Defendant is not aware of any Doe defendant having been served with a copy of the

13 summons and complaint.  Defendant Level 3 Communications, LLC is the only named defendant.

14        **AMOUNT IN CONTROVERSY**

15  8.  Defendant has a reasonable, good faith belief that plaintiff seeks damages in excess of

16 the jurisdictional amount of this Court, $75,000, notwithstanding the fact the complaint does not

17 specify the dollar amount of damages being sought, for the following reasons:

18    (a) Plaintiff's complaint alleges disability discrimination, gender

19 discrimination, and retaliation;

20    (b) Plaintiff claims she is owed, among other things, economic damages for

21 loss of earnings and loss of benefits (*See* Exhibit A, Prayer ¶ 1);

22    (c) Plaintiff claims she is owed damages for emotional distress (*See* Exhibit A,

23 ¶¶ 27, 34 and 40, Prayer ¶ 2);

24    (d) Plaintiff claims she is owed pre-, and post-, judgment interest (*See* Exhibit

25 A, Prayer ¶ 5);

26    (e) Plaintiff is requesting an award of attorneys' fees pursuant to statute (*Id.* at

27 ¶ 4); and

28    (f) Plaintiff is requesting an award of exemplary and punitive damages. (*Id.* at

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441 (28. U.S.C. § 1332 -
DIVERSITY)

2

00cv0000

1   ¶ 3.)

2   9.   Where a plaintiff's state court complaint is silent as to the amount of damages

3   claimed, the removing defendant need only establish that it is more probable than not that

4   plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th

5   Cir. 1996) 95 F.3d 856, 860-62.

6   10.  In determining whether the amount in controversy exceeds $75,000, the Court must

7   presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust*

8   *v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001, *citing, Burns v.*

9   *Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis

10  presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.3d

11  142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but

12  rather by reasonable reading of the value of the rights being litigated").

13  11.  The amount in controversy may include general and special compensatory damages,

14  as well as attorney's fees recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142

15  F.3d 1150, 1155-56. The Court may examine the nature of the action and the relief sought and

16  take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR*

17  *Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual

18  employment discrimination cases often exceed damages). Furthermore, attorneys' fees are

19  calculable beyond the time of removal. *Id.*

20  12.  Punitive damages are also included in calculating the amount in controversy.

21  *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787.

22  13.  Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in

23  controversy because it is apparent from the complaint that plaintiff's prayer for relief exceeds

24  $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) (amount in

25  controversy was not stated in the complaint, but plaintiff's wrongful termination claim exceeded

26  $75,000 based on the "lengthy list of compensatory and punitive damages" and attorneys' fees

27  sought).

28  ///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441 (28. U.S.C. § 1332 -
DIVERSITY)

3

00cv0000

## REMOVAL JURISDICTION

14. This Notice of Removal has been filed within thirty (30) days after defendant was first served with a copy of plaintiff's complaint. Therefore, it is filed within the time period mandated by 28 U.S.C. § 1446(b).

15. For all the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332(a), 1441(b) and 1446(b).

## INTRADISTRICT ASSIGNMENT

16. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the state action was filed in this district, and it is the judicial district in which the action arose. *See* 28 U.S.C. § 84. The action is properly removed to the San Jose Division because the actions giving rise to this lawsuit occurred in Santa Clara County. *See* Civil Local Rule 3-2(e); Complaint, ¶2.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

17. Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Level 3 Communications, LLC is a wholly-owned subsidiary of Level 3 Financing, Inc. ("L3F"); and (2) L3F is wholly-owned subsidiary of Level 3 Communications, Inc., a publicly traded company.

WHEREFORE, defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Santa Clara be removed therefrom to this Court.

Dated: January 15, 2008

PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

By: _____
MICHAEL C. SULLIVAN
MARTINA M. NAGLE
Attorneys for Defendant
LEVEL 3 COMMUNICATIONS, LLC

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441 (28. U.S.C. § 1332 -
DIVERSITY)

4

00cv0000

# EXHIBIT A

1  Gerald Emanuel (SBN 61049)
   Amy Carlson (SBN 213294)
2  HINKLE, JACHIMOWICZ, POINTER & EMANUEL
   2007 West Hedding Street, Suite 100
3  San Jose, California 95128
   Telephone: (408) 246-5500
   Facsimile: (408) 246-1051
4

5  Attorneys for Plaintiff
   SELENA SANTA CRUZ
6

**ENDORSED**

2007 NOV 28 P 12: 01

KIRI ROYRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
                DEPUTY CLERK

M. Rosales

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SANTA CLARA

10               UNLIMITED JURISDICTION

11

12  SELENA SANTA CRUZ,              No.   1 0 7 C V 0 9 9 7 3 7

13        Plaintiff,
                                    **COMPLAINT FOR DAMAGES**
14  vs.                            **ARISING FROM DISABILITY**
                                   **DISCRIMINATION; GENDER**
15  LEVEL 3 COMMUNICATIONS, LLC, a  **DISCRIMINATION; AND**
    Delaware Limited Liability Company;  **RETALIATION**
16  and DOES 1-50                  **AND DEMAND FOR JURY TRIAL**

17        Defendants.

18

19        COMES NOW Plaintiff SELENA SANTA CRUZ and complains against

20  Defendants and each of them, and for causes of action alleges:

21

22

                                    1

                    COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

## ALLEGING JURISDICTION AND VENUE

1. Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant LEVEL 3 COMMUNICATIONS, LLC ("LEVEL 3") was a Delaware Limited Liability Company, qualified to do business in the State of California, and doing business in the County of Santa Clara.

2. The acts alleged herein occurred in the County of Santa Clara, State of California.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained, Plaintiff is informed and believes and herein alleges that each of the Doe Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

4. At all times herein mentioned and unless otherwise stated, each Defendant was a managing agent of Defendants and each of them was the agent and/or employee of each and every co-Defendant, and in performing the things, acts or omissions, hereinafter more fully alleged, was acting within the scope, course and authority of said agency and/or employment.

2

1    5. Each Defendant herein ratified, authorized, knew about or should

2  have known about, and/or condoned the acts of each and every other

3  Defendant.

4    ## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5    6. Plaintiff suffers with premenstrual dysphoric disorder (PMDD).

6  PMDD is a condition marked by severe depression, irritability and tension

7  before menstruation.

8    7. Plaintiff had been negotiating with Stephen Walker, Corporate

9  Recruiter.

10    8. On March 16, 2007, Plaintiff was offered a position with Level 3 as

11  an Account Director. Her start date was to be March 26, 2007. During the

12  negotiations with Level 3, Plaintiff made it clear she wanted to start on April 2.

13    9. Plaintiff was told the position required little travel. Traveling is

14  difficult for Plaintiff because of her disability. Plaintiff then took the position

15  with Level 3 because it required very little travel.

16    10.    Immediately after accepting the position, her new supervisor,

17  David Harshfield, Sales Manager asked Plaintiff if she would go to Florida on

18  March 26, for a conference.

19    11.    Plaintiff wrote to Mr. Walker confidentially informing Mr.

20  Walker of her condition and that she really should not be flying.

21

22                                3

12. Plaintiff wanted to be considered a team player and made the reservations to go to Florida during a time when she knew she would be suffering the effects of PMDD.

13. Many mishaps occurred in Florida causing Plaintiff additional stress on top of the depression and anxiety caused by PMDD.

14. Plaintiff contacted Stephen Walker when she returned to her room. He informed her she should contact Jessica Garrison of Human Resources.

15. Plaintiff then contacted Ms. Garrison. Ms. Garrison simply told Plaintiff to give consideration to the night's events and whether she wanted to continue working for Level 3.

16. Plaintiff considered her options and believed the best course would be to have HR investigate the matter.

17. On Friday, March 30, 2007, Plaintiff immediately emailed Ms. Garrison and Mr. Walker telling them she wanted to maintain her position with Level 3 and that HR should investigate her complaint of discrimination.

18. On April 2, 2007, Mr. Harshfield contacted Plaintiff informing her that her resignation had been accepted when in fact she had not resigned.

19. Plaintiff's final termination date was March 30, 2007.

4

20.     On April 2, 2007, Plaintiff emailed Mr. Harshfield confirming she did not wish to resign.

21.     On April 3, 2007, Plaintiff emailed Fran Perry of Human Resources a detailed timeline of the events of Florida and the aftermath. Ms. Perry never responded in substance to the email. Plaintiff clearly admonished Ms. Perry that their actions were a violation of the Americans With Disabilities Act.

22.     On July 13, 2007, Plaintiff received a right to sue notice from the Department of Fair Employment and Housing for discrimination based upon gender, race/color, national origin/ancestry and physical disability. On October 30, 2007, Plaintiff filed an amended complaint of discrimination for retaliation based upon her complaint of discrimination. Plaintiff received a right to sue notice from the DFEH on November 8, 2007. Therefore, Plaintiff has exhausted her administrative remedies.

## FIRST CAUSE OF ACTION

### (DISABILITY DISCRIMINATION)

As a first, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

23.     Plaintiff hereby incorporates by reference Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

5

24.    Government Code § 12940, et seq. prohibits an employer
from discriminating against any employee because of that employee's physical
disability.  Defendants and each of them discriminated against Plaintiff
because of her physical disability after she was hospitalized because of her
condition.  Defendants, and each of them, discriminated against Plaintiff by
terminating plaintiff's employment and committing the things, acts, and
commissions herein alleged.

25.    Similarly situated employees who did not suffer from a
physical disability were not treated in the disparate manner in which Plaintiff
was treated.  In discriminating against Plaintiff on account of her physical
disability, Defendants, and each of them, have violated Government Code §
12940(a).

26.    Plaintiff is informed and believes and thereupon alleges that
the fictitious DOES 1 through 50, Inclusive, aided, abetted, incited, compelled,
coerced or conspired to commit one or more of the acts alleged herein.

27.    As a direct and proximate result of the conduct of these
Defendants, and each of them, Plaintiff has suffered emotional anguish and
distress, loss of income and benefits, and other special and general damages,
all in an amount to be proven at trial.

28.    In doing the things herein alleged, the conduct of
Defendants, and each of them, is despicable and Defendants, and each of

6

1   them, acted toward Plaintiff with malice, oppression, fraud, and with a willful

2   and conscious disregard of Plaintiff's rights.  Each of the defendants ratified,

3   authorized and condoned the conduct of each and every other defendant and

4   managing agent, entitling Plaintiff to an award of punitive and exemplary

5   damages pursuant to California Civil Code § 3294 and Government Code §

6   12940.

7        29.    Pursuant to Government Code § 12965(b), Plaintiff requests

8   the award of attorney's fees against Defendants, and each of them.

9                   **SECOND CAUSE OF ACTION**

10                  **(GENDER DISCRIMINATION)**

11       As a Second, separate and distinct cause of action, Plaintiff complains

12   against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

13   cause of action alleges:

14       30.    Plaintiff hereby incorporates by reference Paragraphs 1

15   through 30 of the Complaint as if fully set forth herein.

16       31.    PMDD only affects women.  As such by discriminating

17   against Plaintiff on the basis of her disability, Defendants discriminated against

18   Plaintiff based upon her gender.

19       32.    Defendants and each of them discriminated against Plaintiff

20   based on her gender by performing the things, acts, and omissions herein

21   alleged in violation of California Government Code section 12940(a).

22

                              7

33.     Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as DOES 1 through 50, inclusive, aided, abetted, incited, compelled, coerced or conspired to commit one or more of the acts alleged herein.

34.     As a direct and proximate result of the conduct of these Defendants, and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits, and other special and general damages, all in an amount to be proven at trial.

35.     In doing the things herein alleged, the conduct of these Defendants was despicable and each Defendant acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights. Each of the Defendants ratified, authorized, and condoned the conduct of each and ever other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294 and Government Code §12940.

36.     Pursuant to Government Code §12965(b), Plaintiff requests the award of attorney's fees against these Defendants, and each of them.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION

### (RETALIATION)

8

1     As a Third, separate and distinct cause of action, Plaintiff complains

2   against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

3   cause of action alleges:

4       37.    Plaintiff hereby incorporates by reference Paragraphs 1

5   through 36 of the Complaint as if fully set forth herein.

6       38.    Because Plaintiff protested and complained about the

7   disability discrimination and requested an investigation into Plaintiff's

8   concerns, she was retaliated against by Defendants, and each of them, in the

9   manner hereinabove alleged.

10      39.    Each of the Defendants engaged in the above-alleged actions

11  with the intent of discriminating against Plaintiff on account of her protected

12  activity of complaining of violations under the Fair Employment and Housing

13  Act, Government Code Section 12900, et seq.

14      40.    As a direct and proximate result of the conduct of

15  Defendants, and each of them, Plaintiff has suffered emotional anguish and

16  distress, loss of income and benefits, and other special and general damages,

17  all in an amount in excess of the jurisdictional limits of this court.

18      41.    Defendants, and each of them, committed the acts alleged

19  herein maliciously, despicably, fraudulently and oppressively, with the

20  wrongful intention of injuring Plaintiff, from an improper and evil motive

21  amounting to malice, and in conscious disregard of Plaintiff's rights. Because

22

9

1   the wrongful conduct was committed by managerial employees acting in the

2   course and scope of their employment and because Defendants, and each of

3   them, authorized, ratified and condoned the actions and omissions of each and

4   every other Defendant, Plaintiff is thus entitled to recover punitive damages

5   from Defendants, and each of them, in an amount according to proof.

6        42.      Pursuant to Government Code §12965(b), Plaintiff requests

7   an award of attorney's fees against Defendants, and each of them.

8                            **PRAYER**

9        WHEREFORE, Plaintiff prays for judgment against Defendants, and each

10  of them, as follows:

11       1. For a money judgment representing compensatory damages including

12  lost wages, earnings, retirement benefits and other employee benefits, and all

13  other sums of money, together with interest on these amounts, according to

14  proof;

15       2. For a money judgment for mental pain and anguish and emotional

16  distress, according to proof;

17       3. For an award of exemplary and punitive damages, according to proof;

18       4. For costs of suit and attorney's fees;

19       5. For pre-judgment and post-judgment interest; and

20       6. For such other and further relief as the court deems just and proper.

21

22

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Dated: ___11/12___, 2007        HINKLE, JACHIMOWICZ, POINTER & EMANUEL

AMY CARLSON
Attorney for Plaintiff
SELENA SANTA CRUZ

11

COMPLAINT FOR DAMAGES

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEVEL 3 COMMUNICATIONS, LLC, a Delaware Limited Liability
Company and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SELENA SANTA CRUZ

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED**

2007 NOV 28 P 12: 01

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY
DEPUTY CLERK

M. Rosales

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>Downtown Superior Court District<br>191 N. First Street, San Jose, CA 95113 | **CASE NUMBER:** *(Número del Caso):*<br>**C V 0 9 9 7 3 7** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gerald A. Emanuel/Amy Carlson (Bar # SBN 61049/213294)     Phone No.: (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL     Fax No.: (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128

DATE:     Clerk, by   M. Rosales    **KIRI TORRE** , Deputy
*(Fecha)*   **NOV 2 8 2007**     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Level 3 Communication, LLC a delaware limited liability company

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*     12-28-07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT C

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: __1 0 7 C V 0 9 9 7 3 7__

ATTACHMENT CV-5012

---

### READ THIS ENTIRE FORM

---

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:** If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or beckvi@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

> You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

> Your Case Management Judge is: **Joseph Huber**          Department: **8**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
> APR 2 2 2008
> Date: _____  Time: _1:30pm_  in Department ____8____
>
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
> Date: _____  Time: _____  in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE     ☐ LIMITED CASE | |
| (Amount demanded     (Amount demanded is $25,000 | |
| exceeds $25,000)     or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:         Div.:          Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint     ☐ cross-complaint     (describe, including causes of action):

Page 1 of 4

| Form Adopted for Mandatory Use | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rule 212 |
|---|---|---|
| Judicial Council of California | | American LegalNet, Inc. |
| CM-110 [Rev. January 1, 2007] | | www.USCourtForms.com |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial    (If more than one party, provide the name of each party requesting a jury trial):

6. Trial date
   a. ☐ The trial has been set for (date):
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):
   c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. Estimated length of trial
The party or parties estimate that the trial will take (check one):
   a. ☐ days (specify number):
   b. ☐ hours (short causes) (specify):

8. Trial representation (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. Preference
   ☐ This case is entitled to preference (specify code section):

10. Alternative Dispute Resolution (ADR)
   a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
   c. ☐ The case has gone to an ADR process (indicate status):

CM-110 (Rev. January 1, 2005)

**CASE MANAGEMENT STATEMENT**

Page 3 of 4
American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in (check all that apply):

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 1800(b) of the California Rules of Court (specify exemption):

11. Settlement conference

    ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance

    a. ☐ Insurance carrier, if any, for party filing this statement (name):

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction

    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other (specify):

    Status:

14. Related cases, consolidation, and coordination

    a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. Bifurcation

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions

    ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**
Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)
                                  ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2005]     **CASE MANAGEMENT STATEMENT**     American LegalNet, Inc.
www.USCourtForms.com

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a nonadversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<  The action is for personal injury, property damage, or breach of contract
<  Only monetary damages are sought
<  Witness testimony, under oath, is desired
<  An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<  Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<  The parties are far apart in their view of the law or value of the case
<  The case involves a technical issue in which the evaluator has expertise
<  Case planning assistance would be helpful and would save legal fees and costs
<  The parties are interested in an injunction, consent decree, or other form of equitable relief

<  Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<  Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce, custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court              Santa Clara County DRPA Coordinator
ADR Administrator                              408-792-2704
408-882-2530

Revised 12/9/02

# EXHIBIT D

01/11/2008 26:27 FAX 4082858895
FILE No.533 01/11 '08 11:27  ID:CAL EXPRESS                    FAX:619 685 1128          @002
PAGE  2

1  MICHAEL C. SULLIVAN (SBN 131817)
   MARTINA M. NAGLE (SBN 160983)
2  PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
   401 B Street, Tenth Floor
3  San Diego, California 92101-4232
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

5  Attorneys for Defendant
   LEVEL 3 COMMUNICATIONS, LLC
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SANTA CLARA

10  SELENA SANTA CRUZ,                      CASE NO. 107CV099737

11           Plaintiff,                     ANSWER OF DEFENDANT LEVEL 3
                                            COMMUNICATIONS, LLC TO
12       v.                                 PLAINTIFF'S UNVERIFIED COMPLAINT

13  LEVEL 3 COMMUNICATIONS, LLC, a
    Delaware Limited Liability Company; and
14  DOES 1-50,                              Dept:            8
                                            Judge:           Hon. Joseph Huber
15           Defendants.                    Complaint Filed: November 28, 2007
                                            Trial Date:      Not Yet Set
16

17       Defendant LEVEL 3 COMMUNICATIONS, LLC ("Defendant"), answers plaintiff

18  SELENA SANTA CRUZ's ("Plaintiff") unverified original Complaint as follows:

19                             **GENERAL DENIAL**

20       Pursuant to California Code of Civil Procedure section 431.30, Defendant generally denies

21  each and every allegation of Plaintiff's unverified original Complaint.

22                        **FIRST AFFIRMATIVE DEFENSE**

23                          (To All Causes of Action)

24       The Complaint, and each cause of action, fails to state facts sufficient to constitute a cause

25  of action against Defendant.

26                        **SECOND AFFIRMATIVE DEFENSE**

27                          (To All Causes of Action)

28       Plaintiff's Complaint is barred, in whole or in part, because she has failed to fully and

PAUL, PLEVIN,    ANSWER OF DEFENDANT LEVEL 3                 1
SULLIVAN &       COMMUNICATIONS, LLC TO PLAINTIFF'S
CONNAUGHTON LLP  UNVERIFIED COMPLAINT

1    properly exhaust pre-filing requirements, including but not limited to internal remedies, and/or

2    pre-filing administrative remedy procedures under the Fair Employment and Housing Act.

3                            **THIRD AFFIRMATIVE DEFENSE**

4                                **(To All Causes of Action)**

5         Plaintiff's Complaint is barred, in whole or in part, because Defendant is informed and

6    believes, and thereon alleges, that Plaintiff was unable to perform the essential functions of her

7    position, even with reasonable accommodation.

8                            **FOURTH AFFIRMATIVE DEFENSE**

9                                **(To All Causes of Action)**

10        Plaintiff's Complaint is barred, in whole or in part, because Defendant is informed and

11   believes, and thereon alleges, that any requested accommodation would have posed an undue

12   hardship on Defendant.

13                            **FIFTH AFFIRMATIVE DEFENSE**

14                               **(To All Causes of Action)**

15        Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations

16   in Government Code §§12960 and 12965, and California Code of Civil Procedure §§338, and/or

17   343.

18                            **SIXTH AFFIRMATIVE DEFENSE**

19                               **(To All Causes of Action)**

20        Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is

21   barred, in whole or in part, by the doctrine of waiver.

22                            **SEVENTH AFFIRMATIVE DEFENSE**

23                               **(To All Causes of Action)**

24        Plaintiff's damages, if any, are limited by the doctrine of avoidable consequences.

25                            **EIGHTH AFFIRMATIVE DEFENSE**

26                               **(To All Causes of Action)**

27        Defendant is informed and believes, and thereon alleges, that Plaintiff has failed, refused

28   or neglected to mitigate the damages complained of in her Complaint and, is therefore barred, in

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ANSWER OF DEFENDANT LEVEL 3
COMMUNICATIONS, LLC TO PLAINTIFF'S        2
UNVERIFIED COMPLAINT

1  whole or in part, from recovering monetary damages.

2  ### NINTH AFFIRMATIVE DEFENSE

3  **(To All Causes of Action)**

4  Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

5  ### TENTH AFFIRMATIVE DEFENSE

6  **(To All Causes of Action)**

7  Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is

8  barred, in whole or in part, by the doctrine of unclean hands.

9  ### ELEVENTH AFFIRMATIVE DEFENSE

10  **(To All Causes of Action)**

11  Plaintiff fails to state facts sufficient to support an award of punitive damages against

12  Defendant.

13  ### TWELFTH AFFIRMATIVE DEFENSE

14  **(To All Causes of Action)**

15  Although Defendant denies that it has committed or have responsibility for any act that

16  could support the recovery of punitive damages in this action, if and to the extent that any such act

17  is found, recovery of punitive damages against Defendant is unconstitutional under various

18  provisions of the United States Constitution, including, but not limited to, the Due Process clause

19  of the Fifth Amendment and section 1 of the Fourteenth Amendment. In addition, the recovery of

20  punitive damages against Defendant is unconstitutional under various provisions of the California

21  Constitution, including, but not limited to, the Excessive Fines clause of section 17 of Article I

22  and the Due Process clause of section 1 of Article I.

23  ### THIRTEENTH AFFIRMATIVE DEFENSE

24  **(To All Causes of Action)**

25  Defendant presently has insufficient knowledge or information on which to form a belief

26  as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant

27  reserves the right to amend this answer and assert additional affirmative defenses in the event

28  discovery indicates they would be appropriate.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ANSWER OF DEFENDANT LEVEL 3
COMMUNICATIONS, LLC TO PLAINTIFF'S
UNVERIFIED COMPLAINT

3

1    **WHEREFORE**, Defendant requests that:

2        1.  Plaintiff's Complaint be dismissed with prejudice;

3        2.  Plaintiff be denied relief by way of her Complaint;

4        3.  Judgment be entered against Plaintiff and in favor of Defendant;

5        4.  The court award Defendant its costs of suit and attorneys' fees; and

6        5.  For such other and appropriate relief as the court deems proper.

7

8    Dated: January 10, 2008                      PAUL, PLEVIN, SULLIVAN &
                                                   CONNAUGHTON LLP
9

10

11   By:_____
                                                   MICHAEL C. SULLIVAN
12                                                 MARTINA M. NAGLE
                                                   Attorneys for Defendant
13                                                 LEVEL 3 COMMUNICATIONS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,        ANSWER OF DEFENDANT LEVEL 3              4
SULLIVAN &           COMMUNICATIONS, LLC TO PLAINTIFF'S
CONNAUGHTON LLP      UNVERIFIED COMPLAINT

Case name: *Selena Santa Cruz v. Level 3 Communications, LLC; and Does 1-50*
SANTA CLARA COUNTY SUPERIOR COURT Case No. 107CV099737

**PROOF OF SERVICE**

I, Julia M. Szlakowski, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 401 B Street, Tenth Floor, San Diego, California 92101.

On January 10, 2008, I caused to be served the following document(s):

- **ANSWER OF DEFENDANT LEVEL 3 COMMUNICATIONS, LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested party (ies) in this action by placing [×] a true copy [ ] the original thereof and addressed as follows:

Gerald Emanuel/gemanuel@hinklelaw.com
Amy Carlson/acarlson@hinklelaw.com
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Tel: 408-246-5500/ Fax: 408-246-1051

☑ **(By MAIL SERVICE)** I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☐ **(By PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

☐ **(By OVERNIGHT DELIVERY)** I caused to be delivered such envelope by hand to the office of the addressee. I then sealed each envelope and, with postage thereon fully prepaid, I placed each for deposit this same day, at my business address shown above, following ordinary business practices for overnight delivery.

☐ **(By E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2008.

JULIA M. SZLAKOWSKI

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ANSWER OF DEFENDANT LEVEL 3
COMMUNICATIONS, LLC TO PLAINTIFF'S
UNVERIFIED COMPLAINT

5